IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL S. HENDERSON ) | CASE NO. 1:10CV1190 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER . |
| v. ) | |
| ) | |
| SHIRLEY SAFFOLD, et al. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

     Plaintiff *pro se* Paul S. Henderson filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Judge Shirley Saffold, Cuyahoga County, Ohio Common Pleas Court Judge, William Mason, Cuyahoga County Prosecutor, and Attorney Thomas E.Shaunessy. Plaintiff pled guilty to Drug Trafficking, R.C. 2925.03A, and on August 17, 2009 was sentenced to three years community control. *State of Ohio v. Henderson*, Case No. CR-09-520709. A month later, he was found to have violated community control and was sentenced to a term of imprisonment of three years. After he filed the present action, he was found guilty by a jury of drug trafficking, R.C. 2925.03A, possession of drugs, R.C. 2925.11A and possession of criminal tools, R.C. 2923.24A. *State of Ohio v. Henderson*, Case No. CR-09- 530899. On June 8, 2010, he was sentenced to a term of imprisonment of 9 years. Also before the Court are Plaintiff's Motion to Amend Complaint (ECF 4) and Motion for Court Order requesting transcripts. (ECF 6).

     A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the

plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff alleges that the trial court lacked jurisdiction to accept a plea without a properly executed complaint. He was forced to plead guilty by his ineffective attorney. The Judge allegedly knew that the plea was improper but she allowed it because she knew he could not appeal. The court and grand jury transcripts will show that he is not guilty. Moreover, he asserts that he is being deprived of a speedy trial in his second case.

The present case is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, there is no cause of action. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). For this reason alone, Plaintiff's Complaint and Amended Complaint must be dismissed.

In addition, Judge Saffold is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Saffold acted outside the scope of her official duties. Judge Saffold definitely acted within the scope of her official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutors Mason acted outside of the scope of his responsibilities.

Plaintiff's attorney, Thomas E. Shaunessy is not responsible for the manner in which court proceedings are conducted. The claim that he has not been effective counsel is not a matter for this Court.

Accordingly, Plaintiff's Motion to Amend Complaint is granted. (ECF 4). His Motion for Court Order is denied. (ECF 6). This action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be

taken in good faith.

    IT IS SO ORDERED.

                                */s/Dan Aaron Polster 8/2/10*
                                JUDGE DAN AARON POLSTER
                                UNITED STATES DISTRICT JUDGE